The Chief Justice, having stated the points that were made in the cause, now delivered the opinion of the Court.
M'Kean, Chief Justice.
From the evidence we must determine, on the first point, that the money was a payment to the estate of Edgar. It was Brown’s constant practice to transfer all his receipts *312 to Dogherty; and this sum of £400. is credited to him in the accounts of the estate kept by the latter.
With respect to the second and third points, it must be observed, that the Courts of Chancery make it a general rule, that he who receives money should be answerable for it; and, therefore, if one Executor becomes insolvent, or bankrupt, the other shall not be charged. There is a difference, however, between Legatees and Creditors; the former being appointed, as well as the Executor, by virtue of the Testator’s will; and consequently cannot impose the same responsibility as the latter. The case in 1 P. Wms. 244. is the only one in point; but on that authority, and the justice of the matter itself, under all its circumstances, we are of opinion that, although Brown would be chargeable if there were creditors, and a deficiency of assets to satisfy them; yet, that he is not answerable to the Legatees.
The £400. must therefore be deducted from the account, with the nine years interest which is charged upon it. As to the rest, we think Brown ought to be well satisfied to pay the interest; particularly as it is not charged from the year 1776 to the year 1781.
The decision of the Orphan’s Court was accordingly affirmed; deducting £400, and nine years interest, from the account.